Ex Parte Anthony Hudson















IN THE
TENTH COURT OF APPEALS
 

No. 10-98-092-CV

Â 
Â Â Â Â Â EX PARTE ANTHONY HUDSON,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â AppellantÂ Â Â Â Â Â Â Â Â Â Â Â 
 

From the 52nd District Court
Coryell County, Texas
Trial Court # 31,457
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

MEMORANDUM OPINION
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

Â Â Â Â Â Â Appellant Anthony Hudson sought judicial review in district court of the manner in which the
Institutional Division of the Texas Department of Criminal Justice handled certain grievances filed
by him. Hudson appeals from the court's dismissal of his in forma pauperis claim. Tex. Civ.
Prac. & Rem. Code Ann. Â§ 14.003(a) (Vernon Supp. 1998). Hudson timely filed a notice of
appeal on April 8, 1998, and the clerkâs record was filed in this court on April 16. Although his
brief was due on May 18, no appellantâs brief has been filed. Tex. R. App. P. 38.6(a). Appellate
Rule 38.8(a)(1) provides that if an appellant fails to timely file his brief, the Court may:
dismiss the appeal for want of prosecution, unless the appellant reasonably explains the
failure and the appellee is not significantly injured by the appellantâs failure to timely file
a brief.
Id. 38.8(a)(1).
Â Â Â Â Â Â Almost two months have passed since Hudson's brief was due. We notified him of this defect
by letter on June 24. Id. 42.3, 44.3. He has not responded to our letter showing grounds for
continuing the appeal, nor has he provided a reasonable explanation for failing to file a brief. Id.
42.3, 38.8(a)(1). Therefore, this appeal is dismissed for want of prosecution. Id. 38.8(a)(1).
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â PER CURIAM

Before Chief Justice Davis,
Â Â Â Â Â Â Justice Vance, and
Â Â Â Â Â Â Chief Justice McDonald (retired)Â 
Dismissed for want of prosecution
Opinion delivered and filed July 15, 1998
Do not publish



alatino","serif"'>   If the claim could not have
been presented in a previous habeas application, then Cline has an adequate
legal remedy available to him, namely, a habeas application under article
11.07, Â§ 4(a)(1).Â  See Tex. Code
Crim. Proc. Ann. art. 11.07, Â§ 4(a)(1).

Cline either has or had an adequate
legal remedy by habeas.Â  Therefore, we deny his mandamus petition.

Â 

FELIPE REYNA

Justice

Before Chief
Justice Gray,

Justice
Reyna, and

Justice
Davis

Petition denied

Opinion
delivered and filed August 18, 2010

Do not publish

[OT06]








Â 









[1]
Â Â Â Â Â Â Â Â Â Â Â Â Â  We apply Rule of
Appellate Procedure 2 and disregard numerous deficiencies in ClineÂs mandamus
petition.Â  See Tex. R. App. P.
2.





[2]
Â Â Â Â Â Â Â Â Â Â Â Â Â  According to
information found on the website of the Court of Criminal Appeals, Cline has
filed thirteen habeas applications. Â Three of them were dismissed as improper
subsequent writs under article 11.07, section 4.

Â 





[3]
Â Â Â Â Â Â Â Â Â Â Â Â Â  Section 4(a)(2)
permits the filing of a subsequent habeas application if the application
contains facts that establish Âby a preponderance of the evidence, but for a
violation of the United States Constitution no rational juror could have found
the applicant guilty beyond a reasonable doubt.ÂÂ  Tex. Code Crim. Proc. Ann. art. 11.07, Â§ 4(a)(2) (Vernon
Supp. 2009).Â  This provision does not apply to ClineÂs time-credit claim.